UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:16-CR-46-TAV-DCP |
| | ) | |
| CHINA GENERAL NUCLEAR POWER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned on the Government's Motion for Certification of Facts and Issuance of Show Cause Order Against Defendant China General Nuclear Power Company ("Motion") [Doc. 145]. United States District Judge Thomas A. Varlan referred the Government's Motion to the undersigned [Doc. 145]. *See* 28 U.S.C. § 636(e).[1] Having reviewed the Government's Motion, the evidence submitted in connection with the Motion, and the applicable law, the undersigned hereby **FINDS AND CERTIFIES** the following facts and **RECOMMENDS** that a show cause order be issued to Defendant China General to appear before the District Judge on a date certain and show cause why it should not be held in contempt of court.

---

[1] When an "act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve, or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge on a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e)(6)(B)(iii).

I.  **CERTIFIED FACTS**

The following facts are certified to the District Judge:

(1) Defendant China General Nuclear Power Company ("CGN") was served by a means that gives notice under Federal Rule of Criminal Procedure 4(c)(3)(D)(ii) with a summons to appear before the United States District Court of the Eastern District of Tennessee to answer the Indictment against it at an initial appearance and arraignment hearing on October 5, 2021, at 1:30 p.m., in courtroom 3A of the United States Courthouse located at 800 Market Street, Knoxville, Tennessee.

(2) Between August 23, 2021, and September 28, 2021, the Summons to appear at the October 5, 2021 hearing was served on CGN (a) by email to three different CGN executives; (b) by email to three different CGN board members; (c) by email to two different CGN general corporate email addresses; (d) by fax to CGN's general corporate fax number; and (e) by mail via two different mailings to CGN's corporate address in Shenzhen, China.[2][3]

---

[2]     The Central District of California has determined that a criminal summons was served via email to the counsel for a Chinese corporation's chairman and president, email to the company's headquarters in China, and fax to the company's Hong Kong office. *United States v. Liu, et al.*, No. 2:19-cr-00282-RGK, Doc. 177, at ¶4 (C.D. Cal. Dec. 2, 2020) (Order Issuing Civil Contempt Sanctions); *see also United States v. Turkiye Halk Bankasi A.S.*, 426 F. Supp. 3d 23, 29–30 (S.D.N.Y. 2019) (determining "no doubt" Turkish bank was notified of the summons and charges based upon service by email to general corporate email address, email to a member of the ministry of the treasury, and mail to its legal department, which was refused by a bank employee).

[3]     The Government also asserts that it served the Summons on CGN "by personal delivery to a CGN representative in the United Kingdom via the US-UK Mutual Legal Assistance Agreement" [Doc. 145-5 p. 1 (proposed order)].  The Declaration of Beau D. Barnes, which is attached to the Motion, states that on September 28, 2021, a UK law enforcement officer personally served the summons and Indictment on "a CGN executive" [Doc. 145-2 ¶11]. The officer's affidavit reveals that because no one from the legal department was in the office, he delivered the summons to the "Comms Exec" [Doc. 145-4 p. 33 (Exh. 16 to Barnes Declaration)].  Thereafter, on October 1, 2021, UK police were contacted by lawyers from General Nuclear System Limited ("GNSL"), asserting that CGN was not at the address where the documents were served [Doc. 145-2 ¶12 (Barnes Declaration)].  GNSL is a UK company that is partially owned by CGN and acts in the UK on behalf of three companies, including CGN [*Id*. at ¶13]. According to GNSL's website, CGN owns 66.5% of GNSL through a holding company [Doc. 145-4 pp 38–39 (Exh. 18 to Barnes Declaration)].  GNSL subsequently disclaimed acting on behalf of CGN [Doc. 145-2 ¶16 (Barnes Declaration)].  Even assuming GNSL is a subsidiary of CGN, service on a subsidiary is not deemed notice on the parent corporation unless the subsidiary was the "alter ego" of the parent company, meaning "the two entities operated as a single economic entity such that it would be inequitable

(3) CGN failed to appear for its initial appearance and arraignment on October 5, 2021, at 1:30 p.m., in courtroom 3A of the United States Courthouse located at 800 Market Street, Knoxville, Tennessee [Doc. 142 p. 1].[4]

## II. SHOW CAUSE RECOMMENDATION

Based on the foregoing facts, the Court finds that the Government has met the threshold under 28 U.S.C. § 636(e)(6)(B)(iii) for a hearing before the District Judge based on CGN's violation of a clear and lawful court order.[5] Accordingly, the Court **RECOMMENDS** that the District Judge issue a show cause order to Defendant CGN to appear at a date certain to show cause why it should not be adjudged in contempt by reason of the certified facts. The undersigned

---

for the Court to uphold a legal distinction between them." *United States v. Alfred L. Wolff GmbH*, No. 08 CR 417, 2011 WL 4471383, at *6 (N.D. Ill. Sept. 26, 2011) (citation omitted and quotation cleaned up) (finding service of summons on American subsidiary of foreign corporation did not constitute service under prior version of Fed. R. Crim. P. 4(c)(3)(C)). The information provided by the Government is not sufficient for the undersigned to determine that GNSL is the alter ego of CGN.

[4] "Contempts committed in 'a proceeding before a magistrate judge' include not only contempts committed in the magistrate judge's presence, but also contempts related to proceedings before the magistrate judge." *United States v. Ivie*, No. 05-2314MAV, 2005 WL 1759727, *2 (W.D. Tenn. June 14, 2005) (citing *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 901 n.17 & 902 n.19 (3rd Cir. 1992)) (Vescovo, MJ).

[5] The Government also asks the undersigned to find "a prima facie case of contempt against CGN" [Doc. 145-5 p. 1]; however, the undersigned lacks the authority to do so. The questions of whether CGN should be held in contempt and of the appropriate sanctions to be imposed, if any, are matters for the District Judge's determination. 28 U.S.C. § 636(e)(6)(B)(iii); *Bingman v. Ward*, 100 F.3d 653, 658 (9th Cir. 1996) ("To be blunt about it, Congress has explicitly provided that these criminal contempt proceedings must be conducted by district judges upon certifications from magistrate judges."). A magistrate judge is not authorized to determine this matter. *See* § 636(e); *Bingman*, 100 F.3d at 658; *Taberer*, 954 F.2d at 903–08 (determining that a magistrate judge's certification of facts serves the role of the "charging instrument" in a civil contempt proceeding, and the district judge must hold a *de novo* hearing of the evidence to determine whether to hold the contemnor in contempt).

also **RECOMMENDS** that the District Judge order the Government to serve Defendant CGN with the show cause order in the manner stated in I.(2) above.[6]

Respectfully submitted:

Debra C. Poplin
United States Magistrate Judge

---

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to appeal the District Court's order. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 555 U.S. 1080 (2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). "[T]he district court need not provide *de novo* review where objections [to this report and recommendation] are [f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).