IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:16-CR-46-TAV-DCP |
| v. | ) |
| | ) |
| CHINA GENERAL NUCLEAR POWER COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant China General Nuclear Power Company's ("Defendant CGNPC") and the Government's Joint Motion to Continue Trial Date [Doc. 170], filed on May 1, 2024.

The parties ask the Court to continue the May 21, 2024 trial and corresponding deadlines. In support of their motion, the parties assert that the Government unsealed a two-count Indictment against Dr. Szuhsiung Ho, CGNPC, and Energy Technology International on April 15, 2016, and CGNPC was arraigned on March 13, 2024. The parties state that the Court has previously found this case to be complex; there is voluminous discovery, which the Government is working to produce to CGNPC; and the parties must coordinate witnesses who live across the United States and in other countries. Additionally, "Defendant is located in China and, in accordance with Chinese law, has to coordinate with the authorities in China regarding transfer of evidence and procuring witness testimony for a trial in the United States. CGNPC has started the process, but it may take a year or more to complete" [Doc. 170 p. 2]. Further, defense counsel may need additional time to identify and work with an expert or consultant to review portions of discovery

that are in Mandarin or involve technical matters concerning commercial nuclear energy. The parties agree that the time between filing the motion to continue and a rescheduled trial date is excludable under the Speedy Trial Act.

Based upon the information in the parties' joint motion, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Prior to Defendant CGNPC's entry into the case, the Court found this case to be complex for speedy trial purposes due to the voluminous discovery some of which is in Mandarin, the presence of novel issues of law and fact, and the location of witnesses across the United States and abroad [Doc. 31 pp. 2–3]. The Court finds the complexity of the case continues and has increased with the entry of a foreign corporate Defendant. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court also concludes that failing to grant a continuance would both result in a miscarriage of justice and deny the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), -(iv). Defense counsel and counsel for the Government need more time to review, discuss, and evaluate discovery, and otherwise prepare for trial. The Court finds that all of this cannot occur before the May 21, 2024 trial date.

The Court therefore **GRANTS** the Joint Motion to Continue Trial Date [**Doc. 170**]. The trial of this case is reset to **July 29, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the

2

motion on May 1, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED**:

1) The Joint Motion to Continue Trial Date [**Doc. 170**] is **GRANTED**;

2) The trial of this matter is reset to commence on **July 29, 2025**, at 9:00 a.m., before the Honorable Thomas A. Varlan, United States District Judge;

3) All time between the filing of the Motion on **May 1, 2024**, and the new trial date of **July 29, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

4) The Court continues to find this case to be **COMPLEX** for speedy trial purposes;

5) Pretrial motions relating to jurisdiction, notice, or the sufficiency or means of service are due by **September 30, 2024**; the deadline for filing responses to those motions is **October 21, 2024**; and replies by **October 28, 2024**;

6) The Government's expert disclosures are due by **November 22, 2025**;

7) Reciprocal discovery from Defendant is due by **February 21, 2025**;

8) Defendant's expert disclosures are due by **February 21, 2025**;

9) Pretrial motions (except *Daubert* motions and motions *in limine*) are due by **March 6, 2025**;

10) Government's rebuttal expert disclosures are due by **April 4, 2025**;

11) Government's Exhibit List and Witness List are due by **April 25, 2025**;

12) Defendant's Exhibit List and Witness List are due by **May 30, 2025**;

13) *Daubert* Motions and Motions *in limine* are due by **May 30, 2025**;

14) Factual stipulations, proposed verdict forms, and requests for special jury instructions with appropriate citation to authority pursuant to Local Rule 7.4 shall be filed on or before **June 30, 2025**;

15) The deadline for filing a plea agreement in the record is **June 30, 2025**; and

16) The parties are to appear before the undersigned for a final pretrial conference on **July 15, 2025, at 1:30 p.m.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge