# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:16-cr-46 |
| Plaintiff, | |
| v. | **Judge Varlan** |
| | **Magistrate Judge Poplin** |
| CHINA GENERAL NUCLEAR POWER COMPANY, | |
| Defendant. | |

### JOINT STATUS REPORT AND RENEWED MOTION TO CONTINUE TRIAL DATE

Pursuant to the Court's October 29, 2025 Order (Doc. 214), the United States (the "Government") and China General Nuclear Power Company ("Defendant" or "CGNPC") hereby provide the Court with an update on the licensing issues discussed at the August 13, 2025 status conference and addressed in the Joint Status Report filed October 17, 2025 (Doc. 212) and Joint Motion to Continue Trial Date filed October 24, 2025 (Doc. 213), which the parties hereby renew.[1]

As discussed in the parties' October 17, 2025 Joint Status Report, the U.S. Department of Energy ("DOE") explained on October 3, 2025 that the license application of Defendant's counsel (Skadden) was being "returned without action" because an internal 90-day period for processing applications was about to expire and the DOE requested that Skadden resubmit its July 18, 2025 license application—which Skadden did on October 24, 2025. On November 12, 2025, Skadden

---

[1]     Following the August 13, 2025 status conference, the parties submitted a proposal that led to the Court's entry of the current Scheduling Order (Doc. 211) on September 5, 2025, which set a trial date of October 13, 2026 and further ordered the parties to provide a status report and/or motion to continue the trial date by October 17, 2025. The parties filed a Joint Status Report on October 17, 2025 (Doc. 212) and Joint Motion to Continue the Trial Date on October 24, 2025 (Doc. 213). On October 29, 2025, the Court held in abeyance the Motion to Continue the Trial Date, temporarily stayed the Government's November 21, 2025 deadline for expert disclosures, and ordered the parties to provide another status report by December 19, 2025. (Doc. 214). Under the current Scheduling Order, the next deadline is the filing of pretrial motions (except Daubert motions and motions *in limine*), which are due by January 23, 2026. (Doc. 211).

contacted the DOE to request an update on the pending license application. The DOE responded that it expected to get back to Skadden shortly after the end of the federal government shutdown. On November 18, 2025, the DOE reported to Skadden that it was "funded and operating again" and "re-engaging internally and with other U.S. Government agencies on Skadden's recently resubmitted/supplemented application [in accordance with 10 CFR § 810.11] to proceed through the licensing/specific authorization process." The DOE indicated that it was moving as expeditiously as possible and would provide an update on further progress as it is made.

On December 3, 2025, Skadden requested another update. The DOE responded:

> Our office has drafted the licensing/authorization paperwork, and it is being prepared for stakeholder and senior principal reviews. However, the Atomic Energy Act and the National Defense Authorization Act for FY 2016 require the State Department's concurrence and consultations with other agencies, including the Office of the Director of National Intelligence, on the proposed transfer(s). The State Department has been primed on the request, and we are preparing to share the paperwork with them to request concurrence. Once we have the State Department's concurrence and have concluded the interagency consultations, the paperwork will move forward in our department through various DOE and NNSA principals. At that point, the paperwork should move fairly quickly to the Secretary. We would be happy to provide you with milestone updates—for example, when we hear back from the State Department. I hope this helps clarify where things are in process, but please let me know if you have any further questions. The team is working as quickly as possible to proceed through the process.

In response, Skadden on December 3, 2025 asked the DOE whether it had an estimate of how long each of these steps may take. As of today's date, the DOE has not provided any time estimates or milestone updates.

Because the license still has not been issued, the parties have concluded that a continuance of the trial date and related deadlines is appropriate and necessary and therefore now jointly and respectfully move the Court to continue the trial in this matter, which is currently set to commence October 13, 2026. The parties agree that the trial and corresponding deadlines should be continued while the DOE further considers the license application. The parties agree that the ends of justice

2

served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). This motion is not submitted for the purpose of delay or to frustrate the interests of the public in a speedy resolution to this matter. Rather, counsel continue to work diligently to meet pretrial obligations, zealously and effectively represent their clients, and prepare for trial to the best of their abilities under the circumstances. The schedule now proposed for the Court's consideration allows a reasonable and necessary time to achieve those ends. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The parties agree that the time resulting from this motion and through the new trial date set forth below would be excludable time pursuant to 18 U.S.C. § 3161(h)(7). The Court has determined that this case is complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). (Docs. 31, 172).

In the event the Court grants this joint motion, the parties have conferred, and are mutually available for trial February 16, 2027. The parties tender the following schedule for the Court's consideration:

| Event | Date |
|---|---|
| Parties will advise the Court (whether by status report and/or motion) as to progress on the licensing issues | February 13, 2026 |
| Government Expert Disclosures | March 27, 2026 |
| Pretrial Motions (excluding Motions *in limine* & *Daubert* motions) | May 29, 2026 |
| Responses to Pretrial Motions (excluding Motions *in limine* & *Daubert* motions) | June 26, 2026 |
| Reciprocal Discovery from Defendant | July 7, 2026 |
| Defense Expert Disclosures | July 7, 2026 |
| Government Rebuttal Expert Disclosures | September 10, 2026 |
| Government Exhibit List / Witness List | September 10, 2026 |
| Defense Exhibit List / Witness List | October 13, 2026 |
| *Daubert* Motions / Motions *in limine* | December 18, 2026 |
| Responses to *Daubert* Motions and Motions *in limine* | January 5, 2027 |
| Factual Stipulations / Proposed Jury Instructions / Proposed Verdict Forms | January 19, 2027 |
| Deadline for filing a plea agreement | January 19, 2027 |
| Pretrial Conference | To be set by the Court |
| Trial | February 16, 2027 |

The proposed schedule is identical to that proposed in the Joint Motion to Continue the Trial filed on October 24, 2025, except that the parties now propose next advising the Court as to the status of the licensing issues by February 13, 2026. (The previously proposed date was the date of this filing—December 19, 2025.) Even if the DOE license is granted, the parties acknowledge that it may be necessary to revisit the schedule at the time it is granted to ensure there is sufficient time and opportunity for the parties to meet the pre-trial deadlines.

                                    *          *          *

Defendant notes that it is currently unclear when, whether, or under what circumstances the DOE license application will be approved. Since Defendant maintains that the inability of counsel to share discovery materials is a denial of due process and other rights, Defendant hereby raises the possibility that a motion to dismiss the Indictment may be appropriate if the license application is ultimately denied or continues to be neither granted nor denied by the DOE.

4

Respectfully and jointly submitted this 19th day of December, 2025.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: /s/ *Casey T. Arrowood*
Casey T. Arrowood
Kyle J. Wilson
Assistant United States Attorneys
TN BPR No. 038225
TN BPR No. 031844
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 225-1720 (Arrowood)
(423) 752-5140 (Wilson)
Casey.Arrowood2@usdoj.gov
Kyle.Wilson@usdoj.gov

JOHN A. EISENBERG
ASSISTANT ATTORNEY GENERAL

By: /s/ *Beau D. Barnes*
Beau D. Barnes
Fatema Merchant
Trial Attorneys
D.C. Bar No. 1024150
D.C. Bar No. 992556
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave., NW
Washington, D.C. 20530
(202) 305-4679 (Barnes)
(202) 353-0189 (Merchant)
Beaudre.Barnes@usdoj.gov
Fatema.Merchant@usdoj.gov

By: /s/ *Jack DiCanio*
Jack DiCanio (*Pro Hac*)
Allen L. Lanstra (*Pro Hac*)
Emily Haffner (*Pro Hac*)
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Palo Alto, California 94301
Jack.DiCanio@skadden.com
Allen.Lanstra@skadden.com
Emily.Haffner@skadden.com
(650) 470-0700 (DiCanio)

5

By: /s/ *W. Kyle Carpenter*
W. Kyle Carpenter (TN BPR # 005332)
Woolf, McClane, Bright, Allen & Carpenter,
    PLLC
900 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902
kylew@wmbac.com
(865) 215-1024

*Attorneys for Defendant China General Nuclear Power Company*

6